FILED
SUPERIOR COURT
OF GUAM

2014 APR 30 PM 3: 47

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSEPH SANTIAGO TAITANO, IN HIS CAPACITY AS ADMINISTRATOR OF THE ESTATE OF EDUVIGES TORRES ESPINOSA also known as EDUVIGES ESPINOSA TORRES,<br><br>Plaintiff,<br><br>v.<br><br>CALVO FINANCE CORPORATION, BAYVIEW IV, L.L.C., TITLE GUARANTY OF GUAM, WILLIE TORRES FLORES, and HANIL ENGINEERING & CONSTRUCTION CO. LTD.,<br><br>Defendants. | CIVIL CASE NO. CV 1444-13<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 4th day of April, 2014, for hearing on the following motions: Defendant Bayview IV, L.L.C.'s Joinder in Defendants Calvo Finance Corporation's and Title Guaranty of Guam's Motions to Dismiss First Amended Complaint and For Summary Judgment; Defendant Willie Torres Flores' Joinder in Motions to Dismiss and Motions for Summary Judgment Filed by Defendants Calvo Finance Corporation and Bayview, L.L.C.; Defendant Bayview IV, L.L.C.'s Motion to Strike Second Amended Complaint; Defendants Calvo Finance Corporation and Title Guaranty of Guam's Joinder in

Bayview's Motion to Strike Second Amended Complaint; Defendants Calvo Finance's Corporation and Title Guaranty of Guam's Motion to Dismiss First Amended Complaint; Defendant Calvo Finance Corporation's and Title Guaranty of Guam's Motion for Summary Judgment; Defendant Bayview IV, L.L.C.'s Motion to Dismiss/For Summary Judgment on Plaintiff's Conversion Claim; and Defendant Willie Torres Flores' Motion to Dismiss First Amended Complaint. The Plaintiff Joseph Santiago Taitano is pro se and did not attend the hearing. Attorney Genevieve P. Rapadas represented the Defendants Calvo Finance Corporation and Title Guaranty of Guam. Attorney R. Todd Thompson represented the Defendant Bayview IV, L.L.C. Attorney Jon A. Visosky represented Defendant Willie Torres Flores. Defendant Hanil Engineering and Construction Co., Ltd., is not represented by counsel and did not send a representative on its behalf. For the reasons set forth below, the above defense motions are granted and the case is dismissed.

## FACTUAL AND PROCEDURAL HISTORY

In 1890, Don Luis de Torres Cortes ("Cortes") acquired a piece of real estate known as Estate 52, and later registered as Lot No. 10116, Fafae, Dededo, Guam ("Estate 52"). Cortes had five children, including Eduviges Espinosa Torres ("Eduviges") and Luis Espinosa Torres ("Luis"). In 1918, Cortes attempted to execute a deed conveying Estate 52 to Eduviges. However, when the deed was presented for recordation in 1918, it was found to be noncompliant with the Mortgage Law, which under the Naval Government governed the process of recordation of real property interests on Guam. Because the 1918 deed did not include a "plan of the estate," meaning a map of the property, the recordation was rejected. This rejection was made apparent on an attachment to the deed itself, which stated that the recordation of the deed had been suspended, and a cautionary notice would be active for sixty

days so that the defect could be remedied and the recordation completed. However, the defect was never remedied and the recordation was voided.

In 1948, Luis's estate was opened in probate. Five years later, on September 1, 1953, the whole of his estate, which had been found to include Estate 52, was conveyed to his widow Consolacion Nededog Torres ("Consolacion"). On April 5, 1952, Consolacion had executed a will devising all her residual properties to her daughters Ana Torres Cruz and Remedios Torres Flores ("Remedios"). Ana Torres Cruz quitclaimed her interest in Estate 52 in favor of Remedios. On December 13, 1954, Consolacion executed a quitclaim deed on Estate 52 to Remedios.

Remedios sold her interest in Estate 52 to Calvo Finance Corporation ("Calvo Finance") on May 28, 1968, and executed a Warranty Deed. Willie Torres Flores and David Torres Cruz, both members of Remedios' family, were also involved in the transaction. Calvo Finance and Remedios executed a Supplemental Warranty Deed on May 3, 1969. Both deeds were recorded with the Department of Land Management. On February 19, 1970, Calvo Finance filed a petition with the Island Court to register its title, and posted and published the registration petition pursuant to the Island Court's directives as required by the Guam Land Title Registration Act. After finding that all legal requirements had been complied with, on July 13, 1970, the Island Court issued a Decree of Registration and confirmed that Calvo Finance owned Estate 52 in fee simple. Calvo Finance later transferred its interest in Estate 52.

On July 14, 1978, Calvo Insurance Underwriters, Inc. (a distinct entity from Calvo Finance, and not a party to this proceeding) petitioned the Superior Court of Guam to register a different piece of real property, Lot No. 10113, Gonga, Dededo, Guam ("Estate 49"), the parties

in interest having stipulated to the ownership of the particular subplots within. The Superior Court issued a Decree of Land Registration on March 11, 1981.

On April 1, 2003, Joseph Santiago Taitano ("the Plaintiff"), acting as "attorney in fact" for the heirs of his ancestor Eduviges Espinosa Torres, filed a suit in the Superior Court of Guam to quiet title to Estate 52 and for fraud with regard to Estate 52. The suit was named Joseph Santiago Taitano, Attorney In Fact for the Heirs of Delores Torres Flores, et al. v. Calvo Finance Corporation, et al., and its case number was CV 0365-03. Besides Calvo Finance, the defendants were Remedios Torres Flores, Willie Torres Flores and David Torres Cruz. The claims were dismissed. Taitano filed an amended complaint, and both claims were dismissed again. On appeal, the dismissal of the fraud claim was upheld but that of the quiet title claim was reversed. The Supreme Court affirmed its ruling on rehearing on September 21, 2009. On December 19, 2011, Calvo Finance filed a motion for summary judgment and a motion to dismiss the quiet title claim for failure to prosecute. The Superior Court granted the motion to dismiss for failure to prosecute, and entered judgment on August 27, 2012.

On January 22, 2007, the Plaintiff filed a Complaint for Recovery of Real Property and for Determination of Heirs in a case named Joseph Santiago Taitano, attorney in fact for the Heirs of Delores Torres Flores et al, v. Willie T. Flores and Susie A. Torres, as the Co-Administrators of the Consolidated Estates of Luis Espinosa Torres. The case number was CV 0084-07. In that case, the Plaintiff sought "recovery" of Estate 49. The suit was dismissed on July 12, 2007.

On November 18, 2013, Taitano filed a new lawsuit, this time purporting to do so as the administrator of the estate of his ancestor Eduviges Espinosa Torres. The Defendants included Calvo Finance, Title Guaranty of Guam, Bayview IV, L.L.C., Willie Torres Flores, and Hanil

Engineering & Construction Company, Ltd. Hanil Engineering has not appeared, but the other four defendants have. Taitano amended his complaint on January 7, 2014. The First Amended Complaint includes five counts: quiet title to Estate 52, quiet title to Estate 49, fraud by defendant Willie Torres Flores, fraud by Calvo Finance, and conversion by Bayview.

On the 22nd and 23rd days of January, 2014, the Defendants, save Hanil Engineering, filed their various motions to dismiss and motions for summary judgment in response to the First Amended Complaint. Other motions being presently adjudicated include Bayview and Flores' pair of motions to join Calvo Finance and Title Guaranty's motions to dismiss and for summary judgment, Calvo Finance and Title Guaranty's motion to join Bayview's motion to strike the second amended complaint, and the motion to strike itself.

The Plaintiff has attempted, without leave of court or consent of the Defendants, to amend his complaint two further times, filing a Second Amended Complaint on February 24, 2014, and a Third Amended Complaint on March 31, 2014.

Although he had notice of the date and time of the April 4, 2014 hearing, the Plaintiff did not attend. Nor did anyone else appear on the Plaintiff's behalf. At the time of the hearing the Plaintiff was in the mainland United States, receiving medical treatment. He moved to continue the hearing on April 3, one day before the hearing itself. At the hearing, the Court took the defense motions under advisement without oral argument.

## DISCUSSION

### I. Joinder Motions

Both Bayview IV, L.L.C. and Willie Torres Flores have moved to join the two motions filed by Calvo Finance and Title Guaranty, the motion to dismiss and the motion for summary

judgment. Calvo Finance and Title Guaranty have also moved to join Bayview IV, L.L.C.'s motion to strike the Second Amended Complaint.

The four Defendants share a common interest in defending the legal propriety of the sale, by Remedios Torres Flores, Willie Torres Flores, and David Torres Cruz on one side, to Calvo Finance on the other, of the Flores' interests in Estate 52. One of the defendants in this suit was the seller in that transaction, and another was the buyer. Title Guaranty of Guam was the title insurer. The Plaintiff's First Amended Complaint itself states that the quiet title claim against Bayview is derivative of the claim against Calvo Finance. Pl.'s First Am. Compl. p. 3, ¶ 16. Likewise, Calvo Finance and Title Guaranty share the interest of Bayview in striking the plaintiff's Second Amended Complaint. The attorneys for the various Defendants appear to have allocated the work on behalf of their clients' common interests between them, a more efficient solution than having three law firms argue the same defenses. Moreover, Guam Rule of Civil Procedure 12 allows a single party to join its motions together, and in fact the party waives certain defenses if they are not so joined. See GRCP Rule 12(g), 12(h). The same reasoning applies to multiple defendants with common interests. To the extent that Bayview and Willie Torres Flores have interests that are distinct from those of Calvo Finance and Title Guaranty, they have filed separate motions and made separate arguments.

The three joinder motions are hereby GRANTED.

## II. Motion to Strike Second Amended Complaint

Guam Rule of Civil Procedure 15(a) gives a litigant the right to amend a pleading once as a matter of course at any time before a responsive pleading is filed. GRCP 15(a). After that, the Rule permits additional amendments only upon leave of court or written consent of the adverse party. Id. The Plaintiff Joseph Santiago Taitano filed his initial Complaint on November

18, 2013, and followed it with a First Amended Complaint on January 7, 2014. To that point the Plaintiff was within his rights. But on February 24, 2014, without asking for leave of court or receiving the consent of the Defendants, he filed a Second Amended Complaint, and Defendant Bayview responded with a Motion to Strike on February 26. The Plaintiff further defied the rules by filing a Third Amended Complaint on March 31, 2014.

Rule 15(a) specifies that leave of court to amend a pleading should be freely given when justice so requires. Id. But the rule does not say that the Court must accept additional pleadings made without leave. Rather, "the failure to seek leave supports a motion to strike." El v. City of Dearborn, 2009 WL 356281 (E.D. Mich. Oct. 28, 2009). The Plaintiff may be pro se, but pro se litigants are obligated to follow the same procedural rules as other litigants. Nielson v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994). The Plaintiff has now defied the rules twice.

Pursuant to Guam Rule of Civil Procedure 12(f), the Motion to Strike the Second Amended Complaint is hereby GRANTED, and the Court STRIKES the Third Amended Complaint *sua sponte*.

## III. Dispositive Motions

The Plaintiff owed responses to the various Defendants' motions to dismiss and motions for summary judgment made with regard to the First Amended Complaint. The First Amended Complaint was filed on January 7, 2014. The various Defendants' motions were filed with the Superior Court on January 22 and January 23. The Plaintiff was served by mail on January 23, 2014, and his Oppositions were due on February 24, 2014. Def.'s Reply, Mar. 5, 2014; see GRCP Rule 6(a), 6(e); see CVR Rule 7.1. On the date oppositions were due, the Plaintiff did not file any oppositions, but instead filed a Second Amended Complaint. As stated above, that Second Amended Complaint has been stricken. This means that the Plaintiff has not filed any

timely opposition to the various defendants' motions to dismiss and for summary judgment. In fact, at no point in the course of this suit has the Plaintiff filed any opposition at all. Nor has he appeared to contest the motions in person. The defense motions are unopposed.

In Quitugua v. Flores, the Supreme Court noted that under the procedural rules then governing litigation before the Superior Court, Local Rule 5B(2) ascribed the same effect to a failure to file an opposition as actually filing a notice of non-opposition. Quitugua v. Flores, 2004 Guam 19 ¶ 24. However, such a non-opposition did not require or enable the trial court to "automatically" grant the motion and was not dispositive of the motion itself. Rather, the court still had a duty to consider the merits of the motion before it. Quitugua at ¶¶ 27-28. Because the trial court did in fact consider the merits of the motion, and granted it based on the merits and not merely on the failure to oppose, the Supreme Court upheld the grant. Id. at ¶ 28. In contrast, in Mano v. Mano, the trial court had relinquished its jurisdiction on the basis of failure to oppose a motion to dismiss and failure to appear. Mano v. Mano, 2005 Guam 2 ¶ 15. The Supreme Court reversed and remanded, instructing the trial court to consider the merits of the motion and apply the law governing jurisdiction. Mano at ¶¶ 15-17.

However, in Lamb v. Hoffman, the Supreme Court noted that: "It is not sufficient for a party "simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." Lamb v. Hoffman, 2008 Guam 2 ¶ 35 (quoting Wilson v. Taylor, 577 N.W.2d 100, 105 (Mich. 1998) (citations omitted)). One might argue that not only has the Plaintiff "[left] it up to this Court to discover and rationalize the basis for his claims," he has gone beyond even that by not "announc[ing] a position or assert[ing] an error" in response the various Defendants' motions, at all. But the

facts of Quitugua and Mano are more closely akin to the present case than are the facts of Lamb, and the Court will proceed to address the merits of the Defendants' motions.

**A. Motion to Dismiss Filed by Calvo Finance Corporation and Title Guaranty of Guam**

Calvo Finance Corporation and Title Guaranty of Guam move to dismiss the counts pleaded against them in the First Amended Complaint. One argument they make in so moving is that several of the Plaintiff's claims are barred by the doctrine of res judicata. The Supreme Court of Guam has discouraged use of the term 'res judicata,' reasoning:

> 'Res Judicata' can refer generally to both 'claim preclusion' and 'issue preclusion.' However, the United States Supreme Court has sometimes used the term 'res judicata' in a narrower sense to refer only to 'claim preclusion.' Thus, '[i]n order to avoid confusion resulting from the two uses of "res judicata," we will use the terms 'claim preclusion' and 'issue preclusion' instead.' This approach has also been adopted by the Ninth Circuit.

Zahnen v. Limtiaco, 2008 Guam 5 ¶ 10, n. 4 (internal citations omitted).

Accordingly, this Court will also distinguish between "issue preclusion" and "claim preclusion" as explained by the Guam Supreme Court. Using the term "res judicata," the Defendants' motion requests this Court dismiss the case on grounds of claim preclusion. See Defs.' Mot. to Dismiss pp. 6-9, Jan. 22, 2014.

"Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." Perez v. FirstNet Ins. Co., 2009 Guam 17 ¶ 20 (citations omitted). "To successfully invoke claim preclusion...one must show that the following elements are present: '(1) a final judgment on the merits in an earlier suit, (2) an identity of causes of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.'" Zahnen, 2008 Guam 5 at ¶ 10 (citations omitted).

In heading I of the Argument section of the Memorandum in Support of the Motion to Dismiss, Calvo Finance and Title Guaranty seek dismissal of the first, second and fourth claims. Defs.' Mot. to Dismiss p. 6, ll. 17-19, Jan. 22, 2014. In the Plaintiff's First Amended Complaint, the first, second, and fourth claims are, respectively, the quiet title claim to Estate 52, the quiet title claim to Estate 49, and the fraud claim with regard to Estate 52 that is pleaded against Calvo Finance. Pl.'s First Am. Compl., pp. 2-7. However, the body text of the Defendants' memo arguing in favor of claim preclusion only addresses the quiet title and fraud claims with regard to Estate 52. Defs.' Mot. to Dismiss pp. 6-9, Jan. 22, 2014. Likewise, their co-defendant Willie Torres Flores' motion to dismiss argues claim preclusion with regard to Estate 52, but not with regard to Estate 49. Def.'s Mot. to Dismiss, pp. 5-8, Jan. 23, 2014. Because the inclusion of the second claim in the heading appears to be an oversight, the Court shall now analyze the claim preclusion argument only with regard to the two claims in the First Amended Complaint dealing with Estate 52.

The first requirement of claim preclusion is that the previous suit must have been determined on the merits. Zahnen, 2008 Guam 5 ¶ 10. In Taitano v. Calvo Finance Corp., 2008 Guam 12 and 2009 Guam 9 (rehearing), the Supreme Court upheld the dismissal of the fraud claim on statute of limitations grounds. See Taitano v. Calvo Finance Corp., 2008 Guam 12 ¶ 32 and 2009 Guam 9 ¶ 3. Dismissals based on statutes of limitations are merits decisions. Newman v. Krintzman, 723 F.3d 308, 315 (1st Cir. 2013); see, e.g. Mitchell v. Chapman, 343 F.3d 811, 820 (6th Cir. 2003). The quiet title claim to Estate 52 was dismissed under Guam Rule of Civil Procedure 41(b) for failure to prosecute. Taitano v. Calvo Finance Corp., CV 0365-03, Judgment (Guam Superior Ct. August 27, 2012). Rule 41(b) dismissals for failure to prosecute are merits judgments for res judicata purposes. Perez v. FirstNet Ins. Co., 2009 Guam 17 ¶ 31.

Both claims to which the Defendants refer have already been adjudicated on the merits, and the first element of claim preclusion is met.

The second element of claim preclusion is that the causes of action in the previously decided suit and the current suit must be identical. Zahnen, 2008 Guam 5 ¶ 10. This is not determined merely by legal form, but rather depends on whether the allegations in the first action and the second action both arise from the same transaction, series of transactions, or nucleus of operative facts. See VanDeWalle v. Albion Nat. Bank, 500 N.W.2d 566, 573 (Neb. 1993). The two claims Defendants seek to have dismissed here, the quiet title and fraud claims with regard to Estate 52, are precisely the same named causes of action, arising from the same nucleus of operative facts, as in the previous litigation brought by Mr. Taitano. See Taitano v. Calvo Finance, et al., 2008 Guam 12 and 2009 Guam 9; see also Taitano v. Calvo Finance, et al., CV 0365-03, Judgment (Guam Superior Ct. August 27, 2012).

Third, claim preclusion requires an identity of the parties or their privies in both lawsuits. Zahnen, 2008 Guam 5 ¶ 10. The analysis, for both plaintiffs and defendants, requires determining whether or not the parties in both suits "share the same qualities, and their identities merge into one." Reyes v. First Net Ins. Co., 2009 Guam 17 ¶ 29 (ruling that the plaintiff was barred by claim preclusion from suing an insurer after having previously sued the insured). A plaintiff representing real parties in interest is barred by claim preclusion if the real parties in interest have already litigated the cause of action to a decision on the merits. See St. Louis Typographical Union, 402 F.2d at 553, 556 (8th Cir. 1968) (holding that a labor union could not bring a new severance pay claim on behalf of members who had already brought their claims in their own capacities). A plaintiff who acts as a "litigating agent" for another plaintiff who previously brought suit does not evade claim preclusion. Guess v. Board of Medical Examiners

of State of N.C., 967 F.2d 998, 1005-06 (4th Cir. 1992) (ruling that the patients of a doctor practicing homeopathic medicine could not sue to challenge the state's ban after the doctor himself had already sued).

In the previous litigation, Mr. Taitano called himself "attorney in fact" for the heirs of Eduviges Torres Espinosa. This time, Mr. Taitano brings suit as "the Administrator of the Estate of Eduviges Torres Espinosa." Mr. Taitano has not properly averred that such an estate exists, nor that he is the estate's administrator, nor has he brought forward letters of administration. But even leaving aside all those flaws, the parties in both suits are the privies of each other. In each case, the real parties in interest are the descendants of Eduviges Torres Espinosa. In the previous case they sued in their own capacities, with Mr. Taitano as their "attorney in fact," this time they sue with a litigating agent, Mr. Taitano acting as the purported administrator of a purported estate. This is substantially similar to St. Louis Typographical Union, where a labor union was precluded from suing on behalf of union members who had already sued. See St. Louis Typographical Union, 402 F.2d at 556.

On the defense side, the parties are in privity with one another. Mr. Taitano has previously sued Calvo Finance Corporation and Willie Torres Flores. Title Guaranty of Guam is the title insurer hired by Calvo Finance Corporation, and Bayview IV, L.L.C. is a new owner in the chain of title. But the mere addition of new defendants cannot escape claim preclusion, when the new defendant "share[s] the same qualities" as the old defendants. See Reyes v. First Net Ins. Co., 2009 Guam 17 ¶ 29. The plaintiff himself has written that his claim for quiet title against Bayview is derivative of the claim against Calvo Finance. Pl.'s First Am. Compl. p. 3, ¶ 16. Title Guaranty is only mentioned in the complaint as the issuer of title insurance policies. Id. at p. 3, ¶ 17 and p. 5, ¶ 27. Bayview is the current titleholder of record to Estate 52, and its chain

of title reaches back to Calvo Finance. Def.'s Mot. to Dismiss/For Summ. J. p. 10, Jan. 23, 2014. Whether or not Title Guaranty has an obligation to pay out its policy depends on whether Calvo Finance's title was valid, and similarly, Bayview's current title depends on whether Calvo Finance's title was valid. The addition of the new Defendants makes no difference to the character of the claim, and the new Defendants' interests are entirely aligned with the party who previously won a dismissal on the merits on the same cause of action. To rule that their addition means the same parties or privies requirement is not met would inappropriately elevate form over substance.

All three elements being met, the Court finds that the Plaintiff's quiet title and fraud claims, with regard to Estate 52, are barred by the doctrine of claim preclusion. The Defendants' Motion to Dismiss is GRANTED, and Counts One and Four of the Plaintiff's First Amended Complaint are DISMISSED.

Having granted the requested relief on the basis of the Defendants' claim preclusion argument, the Court does not address the argument that the Plaintiff's fraud claim involving Estate 52 should be dismissed on grounds of the statute of limitations. Nor does the Court address the Defendants' argument that the Plaintiff has failed to state a claim against Title Guaranty of Guam, the case being disposed on other grounds, as discussed below.

**B. Motion for Summary Judgment Filed by Calvo Finance Corporation and Title Guaranty of Guam**

On January 22, 2014, the same day they filed the motion to dismiss the First Amended Complaint, Calvo Finance Corporation and Title Guaranty of Guam also moved for summary judgment. The two motions were pleaded in the alternative, with the motion for summary judgment also addressing claims the Defendants had sought to dismiss. Because the Court

dismissed the Plaintiff's quiet title and fraud claims with respect to Estate 52 on claim preclusion grounds, it does not need to address those claims again when adjudicating the motion for summary judgment. Of the five Counts in the Plaintiff's First Amended Complaint, the First, Second, and Fourth Counts all specifically name Calvo Finance and allege wrongful conduct by it. Pl.'s First Am. Compl. In contrast, the Third Count only mentions members of the Flores family, and the Fifth Count only mentions Bayview IV, L.L.C. Id. As the First and Fourth Counts are dismissed as discussed above, in adjudicating the present motion the Court only addresses the Second Count for the moment. This is the quiet title claim to the parcel of land that the Plaintiff names Estate 49.

As stated above, the Plaintiff has not filed oppositions to any of the defendants' various motions. On the day oppositions were due in response to the defense motions to dismiss and motions for summary judgment for the First Amended Complaint, the Plaintiff filed a Second Amended Complaint, without leave of court or consent of the defendants. As discussed above, the Court has struck the Second and Third Amended Complaints. This means the Plaintiff's last valid filing was the First Amended Complaint, and the defense motions are unopposed. Nor has the Plaintiff presented himself at any hearing, either personally or through counsel. In short, at no point has the Plaintiff made any argument or presented any evidence to rebut the Defendants' various motions.

But as the Supreme Court of Guam has ruled, the mere fact of non-opposition to a motion is not dispositive of a motion itself. Quitugua v. Flores, 2004 Guam 19 ¶¶ 27-28. The court still has the duty to address the merits of the motion, rather than grant the motion merely because of the failure to oppose. Compare Quitugua at ¶ 28 (upholding the trial court's grant of the unopposed motion because it had applied the appropriate legal test to the facts), with Mano

v. Mano, 2005 Guam 2 ¶ 15 (overturning a trial court's ruling that relinquished jurisdiction based on "failure to file any memorandum and failure to appear," and not based on the law governing jurisdiction). Quitugua and Mano, as applied to this case, mean that the Court is obligated to address the merits of the Defendants' motion for summary judgment.

Under Guam Rule of Civil Procedure 56, summary judgment on an issue should be granted when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Iizuka Corp. v. Kawasho International (Guam), Inc., 1997 Guam 10 ¶ 7. The initial burden is on the moving party and the court must review the facts in the light most favorable to the non-moving party. Id. at ¶ 8.

The moving party carries its initial burden by showing the court the relevant information which it believes demonstrates the absence of an issue of material fact. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. Kim v. Hong, 1997 Guam 11 ¶ 6 (citing the United States Supreme Court's interpretation of the analogous Federal Rule in Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). "The burden on the moving party may be discharged by "showing" – that is, pointing out to the [court] – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. at 325.

If the movant can demonstrate that there exists no genuine issue of material fact, the non-movant cannot merely rely upon the assertions contained in the complaint, but must produce significant probative evidence showing that there is a genuinely disputed issue of material fact that must be determined at trial. Iizuka Corp. at ¶ 8.

The basis for the Defendant's motion for summary judgment, with respect to the quiet title claim to Estate 49, is the statute of limitations. Defs.' Mot. for Summ. J. pp. 8-9, Jan. 22, 2014. On March 11, 1981, the Superior Court of Guam issued a Decree of Land Registration to the land the Plaintiff calls Estate 49. Id. at p. 9; Defs.' Exh. 56, Req. for Judicial Notice, Dec. 10, 2013. The statute of limitations to recover registered land is one year. 21 GCA § 29146 (2011). However, if the ground for the action is fraud or mistake, the applicable cause of action is three years. 7 GCA § 11305(d) (2011). The cause of action is not deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake. Id.

When adjudicating the previous version of this litigation, the Supreme Court wrote the following in regard to the untimeliness of the Plaintiff's claims for quiet title to Estate 52 and fraud with regard to Estate 52.

> We agree with Torres' Heirs that their fraud claim is subject only to the statute of limitations for fraud found in 7 GCA § 11305. We disagree, however, with the assertion that the statute of limitations for fraud was equitably tolled until their discovery in 2002 of the events described in the complaint. Torres' Heirs had numerous opportunities to discover their claim through publicly available records. As a result, their fraud claim is now time barred on its face. With regard to the quiet title claim, we hold that if Torres' Heirs are correct in asserting that they should have received personal notice of the land registration proceeding, the land registration decree would be void for lack of jurisdiction. The quiet title claim therefore survives because a void judgment may be vacated at any time, regardless of any applicable statutes of limitations.

Taitano v. Calvo Finance Corp., 2008 Guam 12 ¶ 32.

The current motion, which in relevant part addresses the quiet title claim to Estate 49, is not quite akin to that in the previous suit. The Decree of Land Registration issued March 11, 1981 is also a publicly available record that the Torres heirs had numerous opportunities to discover. But the arguments made to this Court and the procedural posture both differ from the previous case. First, unlike in the previous case, Mr. Taitano has not averred that he and other

members of his family should have received personal notice of the land registration proceeding but did not, and has not made any argument that the Decree of Registration was thus invalid. See Pl.'s First Am. Compl. pp. 3-5. Second, the current motion in question is a motion for summary judgment, wherein the non-moving party has the burden to demonstrate a genuine issue of material fact once the moving party has met its initial burden. Kim v. Hong, 1997 Guam 11 ¶ 6. The Defendants meet that initial burden by showing the Decree and the date it was issued. Summary judgment is only to be granted if no material facts are in dispute. Iizuka Corp. v. Kawasho International (Guam), Inc., 1997 Guam 10 ¶ 7. But the question of the validity of that Decree is not in dispute because, unlike the previous suit, the Plaintiff has introduced no evidence and made no argument to dispute its validity.

The Defendants have established a facial case that the statute of limitations has passed on the Plaintiff's quiet title claim to Estate 49, and the Plaintiff has not rebutted that facial case. Summary judgment is warranted. The Defendants' Motion for Summary Judgment is GRANTED as to Count Two of the Plaintiff's First Amended Complaint. The Court having already dismissed Counts One and Four, the Defendants' other arguments in their Motion for Summary Judgment are moot.

**C. Motion to Dismiss/For Summary Judgment Filed by Bayview IV, L.L.C.**

The Plaintiff pleaded two claims against Bayview IV, L.L.C., the quiet title claim regarding Estate 52, and a conversion claim. As discussed above, the quiet title claim to Estate 52 is precluded. The Plaintiff may not bring the same cause of action against Bayview that he already brought and lost on the merits against Bayview's privy and predecessor in interest, merely because there is now a new entity in a valid chain of title. See, e.g., Bennet v. Monticello

State Bank, 226 Iowa 705, 285 N.W. 266, 26-68 (1939); Chapman v. Moore, 151 Cal. 509, 91 P. 324 (1907).

The conversion claim, though, has not yet been litigated. The tort of conversion may be summarized as follows: "The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." AmerUS Life Ins. Co. v. Bank of Am., N.A., 143 Cal. App. 4th 631, 642, Cal. Rptr. 3d 493, 502 (Cal. Ct. App. 2006). But if the plaintiff lacks any property interest in the property allegedly converted, then an essential element is missing and the claim is defective. See 5 B.E. Witkin, Summary of California Law, Torts § 617 (9th ed. 1988), see also 18 Am. Jur. 2d Conversion § 2 (2004); Hillmer v. Hills, 138 Cal. 134, 139, 70 P. 1080 (Cal. 1902) ("one who has neither title nor possession, nor any right to possession, cannot sue for conversion").

The property that was allegedly converted was a "wood structure used by heirs of the Estate as a shelter." Pl.'s First Am. Compl. p. 7, ¶ 42, Jan. 7, 2014. The First Amended Complaint does not specify where this wood structure was built. Id. However, the Plaintiff's initial Complaint, which did not mention Estate 49 or any claim with regard to Estate 49, still included the conversion claim. Contrast Pl.'s Compl., Nov. 18, 2013, with Pl.'s First Am. Compl., Jan. 7, 2014. The Court will proceed on the assumption that the Plaintiff alleges conversion of a wood structure located on Estate 52.

By a longstanding rule of common law, as a default title to a structure erected on land belongs to whoever holds title to the land. See, e.g., Poor v. Oakman, 104 Mass. 309, 317 (Mass. 1870); In re Hawkstone St. in City of New York, 199 N.Y. 567, 93 N.E. 377 (N.Y. 1910). The title to the land has been out of the Plaintiff's family for forty-five years, and out of

the Plaintiff's line of familial descent for even longer than that. Bayview IV, L.L.C. is the current titleholder of record. The only claim to possession the Plaintiff has is the same as the Plaintiff's claim to title, which is the quiet title action to Estate that forms Count One of the First Amended Complaint. But it was exactly that quiet title action that was dismissed for want of prosecution in previous litigation, and that the Court rules, in Section III A, is barred by claim preclusion today. With no possibility of establishing a property interest in Estate 52, Plaintiff's conversion claim lacks an essential element, and as such is fatally defective.

The Defendant's Motion to Dismiss is GRANTED, and Count Five of the Plaintiff's First Amended Complaint is DISMISSED. Having granted the Defendant's motion to dismiss on grounds that the complaint was defective, the Court does not address the Defendant's other arguments.

## D. Motion to Dismiss Filed by Willie Torres Flores

In Section III A above, the Court adjudicates Defendants' Calvo Finance Corporation and Title Guaranty of Guam's motion to dismiss. That motion argued that the claims described in Count One and Count Four of the First Amended Complaint, respectively the quiet title claim to Estate 52 and the fraud claim pleaded against Calvo Finance, should be dismissed on grounds of claim preclusion. The Court agrees. Also, in Section III B above, the Court adjudicates Defendants' Calvo Finance Corporation and Title Guaranty of Guam's motion for summary judgment. That motion, among other things, argued that the Defendants should be granted summary judgment on the claim described in Count Two of the First Amended Complaint, the quiet title claim to Estate 49, because the statute of limitations has passed. The Court agrees again.

Count One, Two, Three, and Four are relevant to Willie Torres Flores. But only Counts One, Two, and Four are relevant to Calvo Finance and Title Guaranty of Guam. Count Three, the Plaintiff's fraud claim that named Willie Flores Torres but did not name the other Defendants, still has to be adjudicated. This Count alleged two occasions of fraud, one with regard to Estate 52, and another with regard to Estate 49. Pl.'s First Am. Compl. p. 5-6, ¶ 30-33.

Although Defendant Flores makes mention of a previous case in which an allegation of fraud in connection with Estate 49 was litigated, namely Taitano v. Flores, CV0084-07, he does not argue for dismissing the claim for fraud in connection with Estate 49 on grounds of claim preclusion, instead relying on the statute of limitations. This is in contrast with the Plaintiff's claim of fraud in connection with Estate 52, where the Defendant does argue claim preclusion.

The claim preclusion analysis done above in Section III A is also relevant here. "To successfully invoke claim preclusion...one must show that the following elements are present: '(1) a final judgment on the merits in an earlier suit, (2) an identity of causes of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.'" Zahnen v. Limtiaco, 2008 Guam 5 ¶ 10 (citations omitted). In the earlier suit, the Supreme Court affirmed the dismissal of the fraud claim on statute of limitations grounds. See Taitano v. Calvo Finance Corp., 2008 Guam 12 ¶ 32 and 2009 Guam 9 ¶ 3. Dismissals based on statutes of limitations are merits decisions. Newman v. Krintzman, 723 F.3d 308, 315 (1st Cir. 2013); see, e.g., Mitchell v. Chapman, 343 F.3d 811, 820 (6th Cir. 2003). The cause of action in the current suit arises from of the same nucleus of operative facts as the previous suit. The Plaintiff alleges that a real estate transaction between Willie Flores Torres and other members of Flores' family on one side, and Calvo Finance Corporation on the other, was fraudulent, as the parties to the sale intended to deprive Mr. Taitano and his family members of their interest in Estate 52.

Compare Taitano v. Calvo Finance Corp., CV 0365-03, Am. Verified Compl. ¶ 10-11 (Guam Superior Ct. Nov. 30, 2005), with Taitano v. Calvo Finance Corp., CV 1444-13, Pl.'s First Am. Compl. p. 5, ¶ 30, Jan. 7, 2014. Just as discussed above, in the previous litigation Mr. Taitano named himself "attorney in fact" for the Torres heirs, and now he calls himself "Administrator of the Estate of Eduviges Torres Espinosa." But in each case the same real parties in interest would stand to benefit if Taitano won. Thus, the same parties or privies requirement is met on the plaintiff's side. On the defendant's side Willie Torres Flores was a co-defendant in the previous case. Taitano v. Calvo Finance Corp., CV 0365-03, Am. Verified Compl., ¶ 10-11. All the elements being met, the Plaintiff's fraud claim with regard to Estate 52 is barred under the doctrine of claim preclusion.

The Defendant Willie Torres Flores does not argue that the Plaintiff's second fraud claim within Count Three of the First Amended Complaint, the one with regard to Estate 49, is barred by claim preclusion. Instead, he argues that it has passed the statute of limitations. The legal discussion above in Section III B, adjudicating Calvo Finance and Title Guaranty of Guam's motion for summary judgment, is also applicable here. The same statutes of limitations, 21 GCA § 29146 and 7 GCA § 11305(d), are relevant, specifying a one year statute of limitations for recovery of land, but three years if the transaction involved fraud. 21 GCA § 29146 (2011); 7 GCA § 11305(d) (2011); see also Taitano v. Calvo Finance Corp., 2008 Guam 12 ¶ 32 (applying the statute of limitations for fraud). The Plaintiff has similarly not introduced any evidence nor made any argument to rebut the motion, and in his complaint neglected to mention when the fraud he alleges was discovered. See Pl.'s First Am. Compl. pp. 5-6, Jan. 7, 2014.

What differ here are the facts. The Superior Court's Decree of Land Registration to Estate 49, relevant in Section III B above, was made in 1981. Here, Defendant Flores uses the complaint filed in the 2007 case, Taitano v. Flores, CV0084-07, to demonstrate that Mr. Taitano was aware of the facts constituting the fraud he alleges no later than the time that complaint was filed in 2007. Def.'s Mot. p. 9, Jan. 23, 2014; Def.'s Decl. Ex. 6, Jan. 23, 2014. This establishes the facial case that the statute of limitations has run, meets the Defendant's initial burden to demonstrate the absence of a genuine dispute of material fact, and shifts the burden to the Plaintiff. See Kim v. Hong, 1997 Guam 11 ¶ 6; see also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Similarly to the discussion in Section III B, the Plaintiff, having not made any argument or presented any evidence to convince the Court that there is a genuine dispute over the time the he learned of the events he claims were fraudulent, has failed to meet his burden to show a genuine dispute of material fact. With no such showing, summary judgment on the claim for fraud in connection with Estate 49 is warranted.

The Defendant's Motion to Dismiss First Amended Complaint is GRANTED as to both claims of fraud in Count Three of the Plaintiff's First Amended Complaint.

## CONCLUSION

For the reasons set forth above, the three joinder motions, Defendant Bayview IV, L.L.C.'s Joinder in Defendants Calvo Finance Corporation's and Title Guaranty of Guam's Motion to Dismiss First Amended Complaint, Defendant Willie Torres Flores' Joinder in Motions to Dismiss and Motions for Summary Judgment Filed by Defendants Calvo Finance Corporation and Bayview, L.L.C., and Defendants Calvo Finance Corporation and Title Guaranty of Guam's Joinder in Bayview's Motion to Strike Second Amended Complaint, are all GRANTED. Defendant Bayview IV, L.L.C.'s Motion to Strike Second Amended Complaint is

GRANTED. The Court STRIKES the Third Amended Complaint *sua sponte*. This makes the First Amended Complaint the Plaintiff's most recent valid filing. Defendants Calvo Finance's Corporation and Title Guaranty of Guam's Motion to Dismiss First Amended Complaint is GRANTED, dismissing Counts One and Four of the First Amended Complaint. Defendant Calvo Finance Corporation's and Title Guaranty of Guam's Motion for Summary Judgment is GRANTED, summarily judging to Count Two of the First Amended Complaint. Defendant Bayview IV, L.L.C.'s Motion to Dismiss/For Summary Judgment on Plaintiff's Conversion Claim is GRANTED, dismissing Count Five of the First Amended Complaint. Defendant Willie Torres Flores' Motion to Dismiss First Amended Complaint is GRANTED, respectively dismissing and granting summary judgment on the two claims in Count Three of the First Amended Complaint.

As the Court has either dismissed or granted summary judgment for the defendants on all the Plaintiff's claims, the failure of the Defendant Hanil Engineering & Construction Co., Ltd. to appear is irrelevant. This matter is hereby DISMISSED.

**IT IS SO ORDERED** this day of ⎍APR 3 0 2014⎍ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
G. Papadas;
T. Thompson; J. Visosky
Date: 4/30/14 Time: 4:46 p

Deputy Clerk, Superior Court of Guam